ZUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DELFINA RODRIGUEZ<br>        *Plaintiff*<br><br>    v.<br><br>AVONDALE CARE GROUP, LLC d/b/a<br>    AVONDALE CARE GROUP<br>PETER CARROLL<br>LORNA GRAZIO<br>        *Defendants,* jointly and severally. | № 16 Civ. 03084 (SN) |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT

Thomas J. Lamadrid
EISNER & DICTOR, P.C.
Attorneys for Plaintiff
39 Broadway, Suite 1540
New York, New York 10006

TABLE OF CONTENTS

Facts ...........................................................................................................................1

Argument ....................................................................................................................2

   I.   All 24 hours of Rodriguez's shifts are compensable work time under the FLSA ..........3

      A.  Rodriguez is covered by the minimum wage and maximum hour
          provisions of the FLSA ..........................................................................3

      B.  All 24 hours of Rodriguez's shifts are compensable work time under the
          FLSA ...................................................................................................4

   II.  All 24 hours of Rodriguez's shifts are compensable work time under the NYLL ..........5

      A.  Rodriguez is covered by the minimum wage and overtime provisions
          of the NYLL ........................................................................................5

      B.  All 24 hours of Rodriguez's shifts are compensable work time under the
          NYLL ..................................................................................................6

  III.  Defendants are liable to Rodriguez for damages under the notice and
      recordkeeping provisions of the NYLL ...............................................................6

      A.  Defendants failed to provide Rodriguez notices of her pay rate as
          required by NYLL § 195(1). ...................................................................6

      B.  Defendants failed to provide Rodriguez wage statements as required by
          NYLL § 195(3). ...................................................................................7

  IV.  The individual defendants are liable to Rodriguez for any unpaid wages and
      damages due to Rodriguez ................................................................................8

   V.  Rodriguez is covered by the Home Care Worker Wage Parity Act. ..............................9

Conclusion ................................................................................................................10

i

TABLE OF AUTHORITIES

**Cases**

A.H. Phillips, Inc. v. Walling, 324 U.S. 490 (1945) ........................................................3

Armour & Co. v. Wantock, 323 U.S. 126 (1944).........................................................4

Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir. 1984) ..............................8

Chao v. Gotham Registry, Inc., 514 F.3d 280 (2d Cir. 2008).......................................4

Doo Nam Yang v. ACBL Corp., 427 F. Supp. 2d 327 (S.D.N.Y. 2005)........................8

Harvey v. Homebound Mortgage, Inc., 547 F.3d 158 (2d. Cir. 2008) ..........................3

Irizarry v. Catsimatidis, 722 F.3d 99 (2d Cir. 2013) ...................................................8

O'Neill v. Mermaid Touring Inc., 968 F. Supp. 2d 572 (S.D.N.Y. 2013) ....................4

Young v. Cooper Cameron Corp., 586 F.3d 201 (2d Cir. 2009) ...................................3

**Statutes**

2014 Sess. Law News of N.Y. Ch. 537 (A. 8106-C) ....................................................7

29 U.S.C. § 206 ............................................................................................................3

29 U.S.C. § 207............................................................................................................3

Public Health Law § 3614-c ..................................................................................... 9-10

NYLL § 21 ...................................................................................................................5

NYLL § 195 ...............................................................................................................6-7

NYLL § 198 ...............................................................................................................7-8

NYLL § 651 .................................................................................................................5

NYLL § 652 .................................................................................................................5

NYLL § 656 .................................................................................................................5

Wage Theft Prevention Act, 2010 Sess. Law News of N.Y. Ch. 564 (S. 8380)...........7

**Regulations**

12 NYCRR § 142.......................................................................................................5-7

29 C.F.R. § 552.3 ...................................................................................................................3

29 C.F.R. § 552.101 ...............................................................................................................4

## FACTS

Since May 11, 2011, defendants Avondale Care Group, LLC d/b/a Avondale Care Group ("Avondale"), Peter Carroll, and Lorna Grazio have employed plaintiff Delfina Rodriguez to work as a certified home health aide caring for patients in patients' homes in New York City. Plaintiff's Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("SOF") ¶ 1-2. As a home health aide, Rodriguez cares for different patients that defendants assign her. SOF ¶ 3. Rodriguez's job duties include dressing, grooming, feeding, bathing, toileting, and transferring patients, as well as performing general housework such as dusting, sweeping, mopping, and other cleaning. SOF ¶ 8-9. Throughout her employment with defendants, Rodriguez has typically worked in 24-hour shifts assigned to her by defendants. SOF ¶ 42, 46. During these 24-hour shifts, defendants Require Rodriguez to remain with the patient in the patient's home for the whole shift. SOF ¶ 47. She is only permitted to leave the patients' home during her shift if she is taking the patient to a doctor's appointment. SOF ¶ 48. Rodriguez must remain present with the patient for all 24 hours to ensure the patients' health, safety, and well-being. SOF ¶ 49. Rodriguez does not live with her patients or with Avondale. SOF ¶ 5-6. Throughout her employment with defendants she has maintained a home where she resides, apart from the homes of the patients where she works, and for which she pays rent. SOF ¶ 4.

Throughout Rodriguez's employment with defendants, defendants have had a policy of paying her for only 13 hours of each 24-hour shift, at various rates depending on how many shifts Rodriguez has already worked in a given week. SOF ¶ 52. At hire, and since, defendants have failed to provide notice to Rodriguez as to the regular and overtime hourly rates she is paid for her 24-hour shifts. SOF ¶ 43-45. Moreover, the pay stubs defendants provide Rodriguez fail

to provide her with the basis by which she is paid for her 24 hour shifts and do not provide her with her regular or overtime hourly rate. SOF ¶ 54.

On April 26, 2016, Rodriguez commenced this action to recover the minimum and overtime wages and related damages she is owed under New York Labor Law (NYLL) and the Fair Labor Standards Act (FLSA) for the 11 hours defendants failed to pay her for each 24-hour shift. On July 15, 2016, Rodriguez amended her complaint to add claims under New York's Home Care Worker Wage Parity Act, which provides a minimum wage rate for home health aides working in New York City among other places. Rodriguez now moves for summary judgment on her claims, with the amount of damages to be determined at trial or upon further proceedings.

## ARGUMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rodriguez is entitled to judgment as a matter of law because there is no genuine dispute that her work for defendants is covered by the FLSA and NYLL; that the FLSA and NYLL require that she be paid for all hours of her 24-hour shifts where she is required to remain at her patients' homes for the benefit of her employers; that defendants failed to provide Rodriguez with the wage notices and wage statements required by NYLL; that defendants Peter Carroll and Lorna Grazio are liable as employers for Rodriguez's unpaid minimum and overtime wages and damages; and that the minimum wage rate set by the Home Care Worker Wage Parity Act applies to the work Rodriguez performed and performs for defendants

## I. All 24 hours of Rodriguez's shifts are compensable work time under the FLSA.

There is no genuine dispute as to the fact that Rodriguez is covered by the minimum wage and maximum hour provisions of the FLSA and that all hours of her 24-hour shifts are compensable work time under the FLSA.

### A. Rodriguez is covered by the minimum wage and maximum hour provisions of the FLSA.

The minimum wage provisions of the FLSA apply to "any employee who in any workweek is employed in domestic service in one or more households, and is so employed for more than 8 hours in the aggregate." 29 U.S.C. § 206(f)(2); *see also* 29 C.F.R. § 552.3 ("The term [domestic service employment] includes services performed by employees such as . . . home health aides . . . ."). Likewise, section 7(1) of the FLSA applies the maximum hours provisions to domestic service. 29 U.S.C. § 207(l) ("No employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment [at a rate not less than one and one-half times the regular rate at which he is employed]"). (quoting 29 U.S.C. § 207(a)(1)). While there are exemptions to the minimum wage and maximum hour requirements of the FLSA, the employer has the burden of proving that the employee clearly falls within the terms of an exemption. *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009) (citing *Harvey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d. Cir. 2008)). Moreover, because the FLSA is a remedial statute, exemptions must be narrowly construed. *Id.* (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).

Defendants have employed Rodriguez to work as a home health aide since May 11, 2011. SOF ¶ 1. Moreover, defendants have not shown that Rodriguez clearly falls within the terms on

any FLSA exemption. Accordingly, Rodriguez is covered by the minimum wage and maximum hour provisions of the FLSA.

**B.  All 24 hours of Rodriguez's shifts are compensable work time under the FLSA.**

The Second Circuit has defined "work," in relevant part, as "exertion or loss of an employee's time that is (1) controlled or required by an employer, [and] (2) pursued necessarily and primarily for the employer's benefit . . . ." *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 579 (S.D.N.Y. 2013) (citing *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008)). Even idle time may be considered work if it is "predominantly for the employer's benefit." *Id.* (citing *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944) ("an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen"). "In determining the total hours worked [by a domestic service employee], the employer must include all time the employee is required to be on the premises or on duty and all time the employee is suffered or permitted to work." 29 C.F.R. § 552.101.

Throughout her employment with defendants, Rodriguez has typically worked 24-hour shifts caring for patients assigned to her by defendants. SOF ¶ 46. Defendants require Rodriguez to remain with her patients, in her patients' homes, for all 24 hours of such shifts. SOF ¶ 47. The only time that Rodriguez is permitted to leave a patient's home is to take the patient to a medical appointment. SOF ¶ 48. Rodriguez must remain present with her patients at all times during her shifts. SOF ¶ 49. Accordingly, all 24 hours of Rodriguez's shifts are time required by defendants and required for the benefit of defendants. Since all Rodriguez is required to be on the premises and on duty for all hours of her 24-hour shifts, all 24 hours of her shifts are compensable work time under the FLSA.

## II.  All 24 hours of Rodriguez's shifts are compensable work time under the NYLL.

There is no genuine dispute as to the fact that Rodriguez is a covered employee under the New York Labor Law and that all hours of her 24-hour shifts are compensable work time for which she is owed minimum wages and overtime under New York Labor Law.

### A.  Rodriguez is covered by the minimum wage and overtime provisions of the NYLL.

New York law provides that "every employer shall pay to each of its employees for each hour worked" a minimum wage as set forth by the law. NYLL § 652. Employee is defined to include any individual employed or permitted to work by an employer in any occupation, with certain exceptions. NYLL § 651. The New York Labor Law empowers the New York Department of Labor to issue regulations regarding minimum wages and overtime requirements. NYLL § 21(11); NYLL § 656; *see also* 12 NYCRR § 142. The relevant regulations implementing the New York Labor Law are contained in the Minimum Wage Order for Miscellaneous Industries and Occupation. 12 NYCRR § 142-1.1("This Part shall apply to all employees, as such term is defined in this Part, except" employees covered by other wage orders and employees of certain nonprofit institutions.). The Miscellaneous Wage Order defines employee as any individual employed, suffered or permitted to work by an employer, with certain exceptions. 12 NYCRR § 142-2.14. The Miscellaneous Wage Order requires all employees to be paid a minimum wage rate, as set forth in the order, as well as an overtime rate of one and one-half the employee's regular rate (except if an employee is exempt under the FLSA, the required overtime rate is one and one-half times the minimum wage). 12 NYCRR §§ 142-3.1, 3.2.

Rodriguez is an employee of defendants. SOF ¶ 1, 3. As a home health aide, Rodriguez's employment is not governed by any other wage order (for example, the wage orders for the hospitality industry or building services industry). Therefore, her employment is governed by the

Miscellaneous Wage Order under New York law, and she is entitled to the minimum wage rates set forth by the Miscellaneous Wage Order and the overtime rate provided by the same.

**B. All 24 hours of Rodriguez's shifts are compensable work time under the NYLL.**

The Miscellaneous Wage Order requires that the minimum wage "be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer . . . ." 12 NYCRR § 142-2.1.

As discussed in Part I.B., Defendants require Rodriguez to remain with her patients, in her patients' homes, for all 24 hours of such shifts. SOF ¶ 47. The only time that Rodriguez is permitted to leave a patient's home is to take the patient to a medical appointment. SOF ¶ 48. Rodriguez must remain present with her patients at all times during her shifts. SOF ¶ 49. Because Rodriguez is required to be at remain with patient's for all 24 hours of her shifts, all 24 hours of her shifts are compensable work time under the NYLL.

**III. Defendants are liable to Rodriguez for damages under the notice and recordkeeping provisions of the NYLL.**

There is no dispute as to the fact that defendants failed to provide Rodriguez with notices of her pay rate and adequate wage statements as required by New York Labor Law.

**A. Defendants failed to provide Rodriguez notices of her pay rate as required by NYLL § 195(1).**

Under New York law, employers are required to provide their employees at the time of hire with written notice, in English and in the primary language of the employee, containing, among other things, the rate or rates of pay and the basis thereof, whether paid by hour, shift, day, week, salary, piece, commission, or other. NYLL § 195(1)(a). In addition, for all employees covered by the overtime provisions, as provided by the wage orders, the notice must also state the regular hourly rate and overtime rate of pay. *Id.* Between April 9, 2011, and February 27,

2015, pursuant to the Wage Theft Prevention Act that notice also had to be provided to the employee on or before February 1 of each subsequent year of employment. *See* Wage Theft Prevention Act, 2010 Sess. Law News of N.Y. Ch. 564 (S. 8380) (McKinney's); 2014 Sess. Law News of N.Y. Ch. 537 (A. 8106-C) (McKinney's). Moreover, New York law provides damages to civil litigants for an employer's failure to provide such notice to an employee within ten business days of his or her first day of employment. NYLL § 198(1)(b); *see also* Wage Theft Prevention Act.

At hire, defendants did not provide Rodriguez with any notice of her regular or overtime hourly rates, and defendants have not provided Rodriguez with written notice of her regular or overtime hourly rates as required by NYLL § 195. SOF ¶ 43-45. Defendants are therefore liable to Rodriguez for the notice damages provided by NYLL § 198(1)(b).

**B.  Defendants failed to provide Rodriguez wage statements as required by NYLL § 195(3).**

Since April 11, 2011, the effective date of the New York Wage Theft Prevention Act, employers have been required to provide their employees with a statement with each payment of wages, listing, among other things, the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; and for all employees who are not exempt from overtime compensation, the statement must include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked. NYLL § 195(3); *see* Wage Theft Prevention Act; *see also* 12 NYCRR § 142-2.7. As with the notice provision, New York law permits civil litigants to recover damages for an employer's failure to provide wage statements. NYLL § 198(1)(d).

Defendants did not provide Rodriguez with wage statements providing her rates of pay and the basis thereof, her regular hourly rate, her overtime rate, the number of regular hours

worked, and the number of overtime hours worked. SOF ¶ 54. Because defendants have failed to provide Rodriguez with wage statements as required by NYLL, defendants are liable to Rodriguez for the damages provided by NYLL § 198(1)(d).

### IV. The individual defendants are liable to Rodriguez for any unpaid wages and damages due to Rodriguez.

There is no dispute as to the fact that the individual defendants Peter Carroll and Lorna Grazio are employers of Rodriguez and therefore liable to her for any unpaid wages or damages due.

To determine if an employer-employee relationship exists under the FLSA, courts look to the "economic reality" of the relationship. *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). Factors to be considered under the economic realities test include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 12. In addition, courts look to the operational control the individual had over the company. *Irizarry v. Catsimatidis*, 722 F.3d 99, 107 (2d Cir. 2013). Evidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employee. *Id.* at 109. Employer status does not require continuous monitoring of employees, and control may be exercised only occasionally without removing the employment relationship from the protections of the FLSA. *Id.* at 110. Moreover, the test for individual liability as an "employer" is the same under NYLL. *See Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005).

Here, defendants have admitted that all defendants employed Rodriguez since May 11, 2011. SOF ¶ 1. Moreover, there is no dispute that the individual defendants meet most if not all

of the economic reality test factors and that they exercised operational control over the company and plaintiff's employment. Carroll is President and an owner of Avondale and responsible for overseeing Avondale as a whole. SOF ¶ 18-21. He has authority to hire, fire, and determine the pay rate of home health aides, including Rodriguez. SOF ¶ 22-23. Likewise, Grazio is a co-owner and the chief executive officer of Avondale. SOF ¶ 24-25. In partnership with Carroll, Grazio oversees Avondale's operations as a whole. SOF ¶ 27. As with Carroll, Grazio has the authority to hire, fire, and determine the pay rate of home health aides, including plaintiff. SOF ¶ 24-28. Carroll and Grazio are clearly employers as defined by the FLSA and NYLL.

### V. Rodriguez is covered by the New York Home Care Worker Wage Parity Act.

There is no dispute as to the fact that Rodriguez's employment with defendants is covered by the New York Home Care Worker Wage Parity Act and that Rodriguez is entitled to the minimum wage provided by the Act.

The Home Care Worker Wage Parity Act provides minimum wage rates for "home care aides" in New York City. Public Health Law § 3614-c(3). The Act defines "home care aide" as "a home health aide . . . or other licensed or unlicensed person whose primary responsibility includes the provision of in-home assistance with activities of daily living, instrumental activities of daily living or health-related tasks . . . ." Public Health Law § 3614-c(1)(d). The Act applies to "all episodes of care reimbursed in whole or in part by the New York Medicaid Program." Public Health Law § 3614-c(9). The Act defines "episode of care" as "any service unit reimbursed, in whole or in part, by the New York state medical assistance program, whether through direct reimbursement or covered by a premium payment, which covers, in whole or in part, any service provided by a home care aide, including but not limited to all service unites defined as visits, hours, days, months or episodes." Public Health Law § 3614-c(1)(f). Moreover, the Act requires that a "certified home health agency, long term home health care program, managed care plan or

consumer directed personal assistance program" deliver written certification to the commissioner of health that all services provided under each episode of care are in full compliance with the Act and any implementing regulations before any government agencies makes a payment to any such home health agency, program, or plan. Public Health Law § 3614-c(5). The Act applies equally to services provided by home care aides who work as employees of licensed home care services agencies. Public Health Law § 3614-c(4)

Defendants admit that Rodriguez is covered as a home care aide under the New York Home Care Worker Wage Parity Act. SOF ¶ 17. Moreover, Avondale is a licensed home care services agency. SOF ¶ 55. As a home health aide, Rodriguez is a home care aide. SOF ¶ 7. As a home health aide, Rodriguez provides care to patients that is reimbursed in whole or in part by the New York Medicaid program. SOF ¶ 14, 16. And, Avondale makes certifications to New York State as to their compliance with the New York Home Care Worker Wage Parity Act. SOF ¶ 15. Accordingly, Rodriguez is a covered worker under the Home Care Worker Wage Parity Act and the minimum wage rates provided by the Act apply to some if not all of her work for defendants.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court grant judgment that all hours of Rodriguez's 24-hour work shifts are compensable under the FLSA; that all hours of Rodriguez's 24-hour work shifts are compensable under NYLL; that defendants are liable to Rodriguez for violations of the notice and recordkeeping provisions of NYLL; that the individual defendants Peter Carroll and Lorna Grazio are liable as employers for any unpaid wages and damages due to Rodriguez; and that Rodriguez's work for defendants is and was covered by the New York Home Care Worker Wage Parity Act. Plaintiff further requests that the Court all other

relief the Court deems just and proper and permit plaintiff to establish the wages and damages owed to plaintiff for the foregoing at trial or through further proceedings.

Dated:  New York, New York
       July 31, 2017

Respectfully submitted,

EISNER & DICTOR, P.C.
*Attorneys for Plaintiff*

By:_____
Thomas J. Lamadrid
39 Broadway, Suite 1540
New York, New York  10006
thomas@eisnerdictor.com
(212) 473-8700

11